## FIDELITY UNION TRUST CO. v. FERGUSON.

(District Court, D. New Jersey. December 3, 1927.)

Internal revenue ⬅➔7(20)—State tax levied on bank, instead of stockholders, held deductible in determining corporation's income tax (Bank Stock Tax Act N. J., § 8; Corporation Tax Law [U. S. Comp. St. 1913, § 6301]).

Tax levied on bank under Bank Stock Tax Act N. J. (P. L. 1914, p. 141) § 8, authorizing bank to elect to pay tax for stockholders, *held* a deductible item in determining income tax under the federal Corporation Tax Law (U. S. Comp. St. 1913, § 6301).

At Law. Suit by the Fidelity Union Trust Company against Frank C. Ferguson, late Collector of Internal Revenue for the Fifth District of New Jersey. Judgment for plaintiff.

Louis Hood, of Newark, N. J., for plaintiff.

James S. Turp, of Trenton, N. J., and R. S. H. Dier, for defendant.

BODINE, District Judge. This is a suit to recover a tax of $2,738.66 paid May 23, 1923. The sole question is whether a tax of $45,644.03 levied by Essex county, N. J., for the year 1917, is a deductible item under the federal Corporation Tax Law (U. S. C. S. 1913, § 6301 [36 Stat. 112]). The plaintiff elected that taxes be levied as provided for by section 8 of the New Jersey Bank Stock Tax Act of 1914 (P. L. 1914, p. 141), as follows (the italics are mine):

"If any bank, banking association or trust company shall, by resolution of its board of directors filed as hereinafter provided, request the county board of taxation to assess to and in the name of the bank, banking association or trust company the entire taxable value of all the shares of stock therein, instead of assessing the same to and in the name of the individual shareholders

owning the same, and if such bank, banking association or trust company shall promise and agree that it will pay the taxes levied against such shares at the time when due and payable, then the total amount of capital, surplus and undivided profits shall be assessed to and in the name of the bank, banking association or trust company, and no list of shareholders shall be required; all other provisions of this section shall apply, *and the tax shall be a lien against the property and assets of the bank or trust company and collectible as other taxes are collected*: Provided, that nothing herein contained shall be construed as a taxation of property as distinguished from capital stock. A certified copy of any such resolution shall be filed with the county board of taxation of the county at least thirty days before the twentieth day of May in any year and an additional copy shall be filed at the same time with the commissioner of banking and insurance; such resolution shall be binding and in force until revoked; notice of revocation to be valid must be similarly filed at least thirty days before assessment day in any year."

Apparently the act permits a New Jersey bank to choose whether the tax shall be levied upon the stockholders or upon the bank. If the latter course is adopted, and it was here, the obligation is that of the bank and not that of the shareholders. If the tax were levied upon and paid by the stockholders, they could have deducted the same. But it was not. It was levied upon and paid by the bank. Not to permit it to deduct is to impose an income tax upon taxes paid—a curious anomaly.

Let judgment accordingly be entered.